IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TERESA A.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 1:20-cv-02212-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Teresa A. seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by improperly rejecting her subjective symptom testimony. Pl.'s Br. 4–7, ECF No. 11. Because there is substantial evidence in the record to support the ALJ's findings and any errors are harmless, the Commissioner's decision is AFFIRMED.

**PROCEDURAL AND FACTUAL BACKGROUND**

    Plaintiff applied for DIB and SSI on January 4, 2018, alleging disability since December 31, 2016. Tr. 55, 183, 186, 194. Her claim was denied initially and upon reconsideration. Tr. 65,

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

76, 90, 103. Plaintiff appeared before the Honorable MaryKay Rauenzahn on November 6, 2019. Tr. 29–52. ALJ Rauenzahn denied Plaintiff's claim on December 3, 2019. Tr. 14–23. Plaintiff sought review from the Appeals Council and was denied on October 15, 2020, rendering the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 52 years old and was 46 years old on her alleged onset date. *See* tr. 55. Plaintiff has a high school diploma and has past relevant work as a cleaner and a store laborer. Tr. 33, 47. Plaintiff alleges disability from a right shoulder injury, a torn rotator cuff, irritable bowel syndrome ("IBS"), celiac disease, gastroesophageal reflux disease ("GERD"), and degenerative disc disease. Tr. 56.

## **STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*

*Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff argues that the ALJ failed to provide a clear and convincing reason for rejecting Plaintiff's subjective symptom testimony. Pl.'s Br. 4–7.

An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a) (2017). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of his symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina*

*v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter,* 504 F.3d at 1040. It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). If finding a lack of credibility, the ALJ is "required to point to specific facts in the record" to support that finding. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 201) (citing *Vazquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009)).

Here, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 18. Specifically, the ALJ found that Plaintiff's testimony was not consistent with her activities of daily living and was

not entirely supported by the medical records. Tr. 20. The ALJ also noted that Plaintiff's treatment has been successful in relieving her symptoms. Tr. 20.

In Plaintiff's function report, she stated that she experiences pain every day, that movement hurts, and that she is not capable of long-term standing. Tr. 256. She is able to care for her dogs, cook simple meals, and has no problem with personal care. Tr. 257–58. Around the house, Plaintiff can do laundry and sweep and mop, but cannot do yard work because of the lifting and pushing involved. Tr. 259. Plaintiff stated that the most she can lift is one to two pounds. Tr. 261. Plaintiff also stated that she experiences no side effects from the medications she takes. Tr. 262. At the hearing, Plaintiff testified that she could not stand or sit for long periods. Tr. 34. She testified that she has "numbness that goes down [her] legs" if she sits or lays for too long. Tr. 34. Plaintiff testified that she needs assistance to wash her hair and her back. Tr. 36. Plaintiff testified that her gastrointestinal issues keep her from working; she experiences nausea and "stabbing pains like a knife" down her abdomen. Tr. 36. Plaintiff testified that she experiences her gastrointestinal symptoms every day. Tr. 42.

The ALJ first found that Plaintiff's "daily activities are not limited to the extent one would expect given the complaints of disabling symptoms and limitations." Tr. 20. Plaintiff cares for her pets, cooks, and performs basic chores. Despite Plaintiff's alleged debilitating pain and inability to lift things, the medical records show Plaintiff was helping her brother remodel a motor home in September 2017, throwing tires into a truck and the roof in fall of 2017, lifting bags of feed in October 2017, loading a couch into the bed of a pickup in August 2018, climbing ladders in May 2019, and riding a bike in July 2019. Tr. 439, 869, 985, 1150, 1254, 1263.

The ALJ next found that Plaintiff's degree of alleged limitations was not supported by her treatment, characterizing the treatment as "essentially routine and conservative in nature." Tr.

5 – OPINION AND ORDER

20. But Plaintiff's surgeon explicitly noted that she had "failed conservative management of ongoing problems with her shoulder." Tr. 790. While the Court disagrees with the ALJ's characterization, any error here is harmless. As the ALJ noted, Plaintiff's symptoms improved with treatment. Plaintiff had excruciating shoulder pain after rotator cuff surgery. Tr. 788. However, after a month of physical therapy, Plaintiff rated her pain as 2/10. Tr. 953. Six months after surgery, Plaintiff reported no pain. Tr. 1175, 1178, 1181. Notes from physical therapy show Plaintiff was progressing well, with improved range of motion and decreased symptoms. Tr. 1166. Plaintiff reported that her shoulder was doing well at her final physical therapy appointment in November 2018. Tr. 1192. Providers "assumed that she no longer needs skilled physical therapy." Tr. 1193. Similarly, Plaintiff's gastrointestinal "symptoms improved with change of diet." Tr. 20; *see* tr. 783, 889.

The ALJ also found that Plaintiff's symptom testimony was unsupported by the medical evidence. Tr. 20. Plaintiff testified that she experiences sharp or shooting abdominal pain daily, but her medical records do not support this. In April 2018, Plaintiff had no abdominal pain and reported only that "occasionally she'll have abdominal discomfort." Tr. 783. In September of 2018, Plaintiff felt her IBS was well-controlled. Tr. 1321. Plaintiff testified that she had trouble keeping weight on because of her change in diet. Tr. 42. While Plaintiff expressed concerns to her medical providers that she was losing weight unintentionally, *see* tr. 355, 1278, an examination of her medical records show that her weight was relatively stable. *See* tr. 1281, 1292, 1298, 1303, 1324. Plaintiff continuously presented as well-nourished and her medical providers reassured her that her weight had been stable between visits. Tr. 326, 337, 341, 429, 789, 1281. Finally, as the ALJ noted, "there are no findings on objective diagnostic testing." Tr. 20. While Plaintiff's abdomen presented as tender when she was in pain, her tone was normal

with no masses. Tr. 326, 429, 463. CT scans of Plaintiff's abdomen were normal. Tr. 511, 521, 538. There was no evidence of diverticular disease. Tr. 512.

The ALJ gave three specific clear and convincing reasons, each supported by substantial evidence, to discount Plaintiff's subjective symptom testimony.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of March, 2022.

                                                                   s/ Michael J. McShane
                                                                   Michael J. McShane
                                                                   United States District Judge